UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUILLERMO IBARRA-MARTINEZ,

v.  Case No. 8:93-cr-3-T-24EAJ
    8:07-cv-2221-T-24EAJ

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court on Defendant Ibarra-Martinez's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence signed on November 27, 2007, and filed on December 6, 2007. (Doc. cv-1; cr-109). Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

BACKGROUND

On April 27, 1993, Ibarra-Martinez pled guilty, without a plea agreement, to conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § § 841(a)(1) and 846 (Count One); distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Two); reentry of deported alien in violation of 8 U.S.C. § 1326 (Count Four); possession with intent to distribute 50 grams

or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Five); and possession of a weapon in violation of 18 U.S.C. § 922(g) (Count Seven)

On September 24, 1993, the Court sentence Ibarra-Martinez to life imprisonment on counts one, two, and five; five years imprisonment on count four; and fifteen years imprisonment on count seven. All sentences ran concurrently. Judgment was entered that same date. (Doc. cv-2, exhibit [copy of criminal judgment]); Doc. cr-65).

On September 28, 1993, Ibarra-Martinez filed a Notice of Appeal of his conviction and sentence. (Doc. cr-68). On June 20, 1995, the United States Court of Appeals for the Eleventh Circuit affirmed Ibarra-Martinez's conviction and sentence. (Doc. cr-100). Ibarra-Martinez did not file a petition for writ of certiorari in the United States Supreme Court.

## Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered before the effective date of the AEDPA, or April 24, 1996, Defendant have one year after the effective date of AEDPA, or April 24, 1997, to file

a timely motion to vacate. Ibarra-Martinez did not file the present motion to vacate until 2007.

Ibarra-Martinez contends that he is entitled to equitable tolling because he is actually innocent of the charges against him.

### Ibarra-Martinez's "Innocence" Claim

Ibarra-Martinez alleges that he no longer qualifies for the mandatory life sentence because he does not have the prerequisite prior drug felony convictions.  Ibarra-Martinez relies on *Lopez v. Gonzales,* 127 S.Ct. 625 (2006). In *Lopez*, the Court held that conduct made a felony under state law but a misdemeanor under the Controlled Substances Act ("CSA") is not a "felony punishable under the Controlled Substances Act."

Ibarra-Martinez's argument is not persuasive because *Lopez* is not retroactively applicable on collateral review. The Supreme Court recently examined the question of retroactivity in *Whorton v. Bockting*, 127 S.Ct. 1173, (2007). The Court noted that "old rules" announced in Supreme Court opinions apply both on direct and collateral review, but that new rules are generally applicable only to cases that are still pending on direct review. 127 S.Ct. at 1180 (citing *Griffith v. Kentucky*, 479 U.S. 314 (1987); *Teague v. Lane*, 489 U.S. 288 (1989)). Ibarra-Martinez's case had clearly become final on direct review at the time *Lopez* was decided in 2006, and therefore was not and is not "still pending on direct review."

A new rule, the *Whorton* Court explained, is one that was not "dictated by precedent existing at the time the defendant's conviction became final." 127 S.Ct. at 1181 (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990) and *Teague* ). In light of the number of reversals and remands of cases that were pending on direct review at the time *Lopez* was decided,

this court would be hard pressed to find that *Lopez* did not announce a new rule of law. *See, e.g. U.S. v. Estrada-Mendoza*, 475 F.3d 258, 260 (5th Cir.2007); *U.S. v. Rosenbaum-Alanis*, 2007 WL 926832, *1+ (5th Cir.2007); *Tostado v. Carlson*, 481 F.3d 1012, 2007 WL 957529, *1 + (8th Cir.2007); *U.S. v. Figueroa-Ocampo*, 2007 WL 816298, *1+ (9th Cir.2007); *Ballesteros v. Gonzales*, 2007 WL 926831, *1+ (10th Cir.2007); *Ochoa-Perez v. U.S.*, 127 S.Ct. 1263, 1264 (U.S.2007); *Regalado-Flores v. U.S.*, 127 S.Ct. 1147, 1147 (2007); *Ayala-Flores v. U.S.*, 127 S.Ct. 934, 935 (2007); *Tostado-Tostado v. Carlson*, 127 S.Ct. 936, 936 (2007); *Aurelien v. U.S.*, 127 S.Ct. 829, 829 (2006).

A new rule such as that announced in *Lopez* can be applied in a collateral proceeding if (1) the rule is substantive or (2) the rule is a " 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton*, 127 S.Ct. at 1180-81 (quoting *Saffle v. Parks*, 494 U.S. at 495) (quoting Teague, at 311).

A rule is substantive, rather than procedural, if it "alters the range of conduct or the class of persons that the law punishes." *Schiro v. Summerlin*, 542 U.S. 348, 353 (2004). *Lopez* is procedural under this standard, and thus it cannot be applied retroactively unless it is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *Whorton*, 127 S.Ct. at 1181 (quotations omitted). In explaining the concept of "watershed rule," the *Whorton* Court went on to state that:

> This exception is "extremely narrow," *Schriro v. Summerlin*, 542 U.S. 348, 352, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). We have observed that it is " 'unlikely' " that any such rules " 'ha[ve] yet to emerge,' " *ibid.* (quoting *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L. Ed.2d 632 (2001); internal quotation marks omitted); *see also O'Dell v. Netherland*, 521 U.S. 151, 157, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997); *Graham, supra*, at 478, 506 U.S. 461, 113 S.Ct. 892, 122 L.Ed.2d 260; *Teague, supra*, at 313, 489

> U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (plurality opinion). And in the years since Teague, we have rejected every claim that a new rule satisfied the requirements for watershed status. *See, e.g., Summerlin, supra* (rejecting retroactivity for *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)); *Beard v. Banks*, 542 U.S. 406, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004) (rejecting retroactivity for *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988)); *O'Dell, supra* (rejecting retroactivity for *Simmons v. South Carolina*, 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994)); *Gilmore v. Taylor*, 508 U.S. 333, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993) (rejecting retroactivity for a new rule relating to jury instructions on homicide); *Sawyer v. Smith*, 497 U.S. 227, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990) (rejecting retroactivity for *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985)).

127 S.Ct. at 1181-1182.

In order to qualify as "watershed," the *Whorton* Court stated that a new rule must meet two requirements. First, the rule must be necessary to prevent "an impermissibly large risk" of an inaccurate conviction. *Whorton*, 127 S.Ct. at 1182 (citing *Summerlin*, 542 U.S. at 356; *see also Tyler*, 533 U.S. at 665 (quotations omitted). Second, the rule must "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Id.* (internal quotation marks and emphasis omitted).

Examining these two requirements, it cannot be argued that the new rule of *Lopez* has any effect on the accuracy of a conviction, as it addresses only how prior convictions are to be considered at sentencing, not the guilt or innocence of the defendant. Indeed, the only case that has been identified as qualifying under the watershed exception is *Gideon v. Wainwright*, 372 U.S. 335 (1963). In that case, the Court held that counsel must be appointed for any indigent defendant charged with a felony because when a defendant who wishes to be represented by counsel is denied representation, the risk of an unreliable verdict is intolerably high. 127 S.Ct. at 1182. Thus, the *Lopez* rule, which is much more limited in scope and does not affect the accuracy of the factfinding process at trial, is in no

way comparable to the rule set forth in *Gideon. See Whorton*, 127 S.Ct. at 1182.

Likewise it cannot be said that *Lopez* "altered our understanding of the bedrock procedural elements essential to the fairness of a proceeding." Again, the *Whorton* Court looked to the example of *Gideon* in analyzing this issue and said " 'we have not hesitated to hold that less sweeping and fundamental rules' do not qualify." 127 S.Ct. at 1183, (quoting *Beard*, 542 U.S. at 418).

The *Whorton* Court finally went on to note that even though a rule is important, if it is not in the same category as *Gideon*, which effected a profound and sweeping change, and if the rule lacks the "primacy" and "centrality" of the *Gideon* rule, it will not qualify as one that alters the "bedrock procedural elements essential to the fairness of a proceeding" and hence will not be retroactively applicable on collateral review. 127 S.Ct. at 1184 (citations omitted).

Finally, it must be noted that in *Whorton*, the Court was considering the rule announced in *Crawford v. Washington*, 541 U.S. 36 (2004). *Crawford* held that testimonial out-of-court statements are generally inadmissible under the Confrontation Clause of the Sixth Amendment, yet the *Whorton* court held that even a new rule guaranteeing this important constitutional right was not an alteration of bedrock criminal procedure.

No such constitutional right is present in Ibarra-Martinez's situation; *Lopez* involved only statutory interpretation, and it in no way approached the primacy or centrality of the *Gideon* rule. Therefore, *Lopez* is not retroactively applicable to cases on collateral review, and Ibarra-Martinez's actual innocence claim does not provide a basis for equitable tolling

of the AEDPA one limitations period.[1]

Accordingly, the Court orders:

That Ibarra-Martinez's motion to vacate (Doc. cv-1; cr-109) is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Ibarra-Martinez in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not

---

[1] Likewise, Ibarra-Martinez's additional claims of innocence are not extraordinary circumstances that warrant equitable tolling.

entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 14, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Pro se: Guillermo Ibarra-Martinez